UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENTON GRAHAM,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.<br><br>      Defendants. | 24-CV-3149 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Kenton Graham, who resides on Staten Island, New York, filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants deprived him of due process by terminating his employment without complying with the procedures set forth in New York State Education Law § 3020.[1] Named as defendants in the second amended complaint are the New York City Department of Education ("DOE"), and Vernon Johnson, the Principal of Brooklyn School for Law and Technology. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action under Section 1983 may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] On April 26, 2024, shortly after commencing this action, Plaintiff filed an amended complaint. (ECF 5.) On May 9, 2024, he filed a second amended complaint. (ECF 6.) Under Fed. R. Civ. P. 15(a), a plaintiff may amend his complaint "once as a matter of course," and may submit other amendments "only with the opposing party's written consent or the court's leave."

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff brings claims for deprivation of due process under Section 1983 arising from the termination of his employment as a probationary math teacher at Brooklyn High School for Law and Technology, which is located in Brooklyn, Kings County, New York, in the Eastern District of New York.[2] *See* 28 U.S.C. § 112(c). While it is clear that the DOE (a New York City agency) resides within this judicial district,[3] and in the Eastern District of New York, Plaintiff does not allege where Defendant Johnson resides. Thus, it is unclear whether this court is a proper venue for his claims under Section 1391(b)(1). In addition, it appears that the alleged events giving rise to his claims largely occurred in Brooklyn, making the Eastern District of New York a proper venue for his claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

---

[2] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

[3] The Southern District of New York is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff resides in Staten Island, Richmond County, which is located in the Eastern District of New York, and the underlying events giving rise to his claims appear to have occurred largely in Brooklyn, Kings County, New York, which is also in the Eastern District of New York. Furthermore, Plaintiff has an employment discrimination action against the same defendants stemming from the termination of his employment at Brooklyn High School for Law and Technology pending in the Eastern District of New York. *See Graham v. NYC Dep't of Educ.*, No. 21-CV-6885 (E.D.N.Y. filed Dec. 14, 2021) (suit transferred from the Southern District of New York). The United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be

3

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

       The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2024
            New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                        Chief United States District Judge